IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BUSHCO, a Utah Corp., COMPANIONS, L.L.C., and TT II, Inc.,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARK SHURTLEFF, Attorney General of the State of Utah, and CHRIS BURBANK, Salt Lake City Chief of Police<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:11-CV-416<br>Judge Dee Benson |

Before the court are cross-motions for summary judgment. (Dkt. No. 18, 28.) The court heard oral argument on February 29, 2012. The court dismissed Chris Burbank from the case without prejudice, denied plaintiffs' res judicata argument and took the remainder of the arguments under advisement. The court now issues the following Memorandum Decision and Order.

**BACKGROUND FACTS**

Plaintiffs Bushco ("Bushco"), Companions L.L.C. ("Companions"), and TT II, Inc. ("TT") (collectively "Plaintiffs") are escort services licensed by Salt Lake City and the City of Midvale as sexually oriented businesses. (Second Am. Compl., Dkt. No. 8 ("SAC") ¶¶ 1,2,3.)

1

Plaintiffs employ or contract with licensed escorts who provide companionship and/or adult entertainment services to their patrons. (Pls.' Memo. in Supp. of Mot. for Summ. J., Dkt. No. 19 ¶ 4.) Plaintiffs brought this suit to challenge the validity of a recent amendment to Utah's sex solicitation law. (SAC ¶ 6.)

In March 2011, the Utah Legislature passed House Bill 121 entitled "Sex Solicitation Amendments". The bill amended Utah Code Ann. § 76-10-1313. The Governor signed the bill into law, to be effective on May 10, 2011. The new law criminalizes solicitation of sex for a fee. Utah Code §76-10-1313 provides:

> (1) A person is guilty of sexual solicitation when the person:
> (a) offers or agrees to commit any sexual activity with another person for a fee;
> (b) pays or offers or agrees to pay a fee to another person to commit any sexual activity; or
> (c) with intent to engage in sexual activity for a fee or to pay another person to commit any sexual activity for a fee engages in, offers or agrees to engage in, or requests or directs another to engage in any of the following acts:
>> (i) exposure of a person's genitals, the buttocks, the anus, the pubic area, or the female breast below the top of the areola;
>> (ii) masturbation;
>> (iii) touching of a person's genitals, the buttocks, the anus, the pubic area or the female breast; or
>> (iv) any act of lewdness
>
> (2) An intent to engage in sexual activity for a fee may be inferred from a person's engaging in, offering or agreeing to engage in, or requesting or directing another to engage in any of the acts described in Subsection (1)(c) under the totality of the existing circumstances.

Utah Code Ann. § 76-10-1301 defines "sexual activity" as "acts of masturbation, sexual intercourse, or any sexual act involving the genitals of one person and the mouth or anus of another person, regardless of the sex of either participant."

Chris Burbank, Chief of the Salt Lake City Police Department, testified before the Utah

Legislature that this amendment was necessary to prevent circumvention of Utah's prostitution laws. (SAC ¶ 5.) Prostitutes today, in order to detect an undercover officer before soliciting sex, ask potential customers to engage in some of the conduct listed in Subsection (1)(c)(i-iv) knowing that undercover officers are forbidden from engaging in such conduct. (Def. Shurtleff's Memo. in Opp'n to Pls.' Mot. for Summ. J., Dkt No. 25 ("Shurtleff Opp'n") 9.)

On May 6, 2011, Plaintiffs sued Mark Shurtleff, the Attorney General of the State of Utah, and Chief Burbank alleging the statute violated the Constitution of the United States. (Compl., Dkt. No. 1 ("Complaint") ¶¶ 26, 32.) Plaintiffs filed a second amended complaint on June 15, 2011 seeking injunctive relief and declaratory judgment. (SAC ¶¶ 34-46.)

On July 28, 2011, Plaintiffs filed a motion for summary judgment seeking declaratory judgment that Utah Code Ann. § 76-10-1313 is overly broad, unconstitutionally vague and/or infringes on plaintiffs' right of free speech, and that the State of Utah is bound by the previous decision of Guinther v. Wilkinson, 697 F.Supp. 1066, 1070 (D.Utah 1988), through res judicata. (Dkt. No. 18.) Chief Burbank responded to the motion and moved the court to dismiss him from the lawsuit. (Chris Burbank's Resp. to Pls.' Mot. for Summ. J., Dkt. No. 24.) The A.G. opposed the plaintiffs' motion and then filed a motion for summary judgment seeking a declaratory judgment that the statute does not limit plaintiffs' First Amendment rights, that its enforcement does not violate the constitutional rights of individuals in Utah, and that the statute is otherwise constitutional. (Dkt. No. 25, 28.)

The court heard oral argument on February 29, 2012 and with plaintiffs' agreement dismissed Chief Burbank from the lawsuit without prejudice. The court also denied plaintiffs'

res judicata argument finding that the issue in Guinther – not to mention the parties – is not sufficiently similar to trigger res judicata or collateral estoppel. The court took the remainder of the arguments under advisement.

## DISCUSSION

The question before the court is whether Utah Code §76-10-1313 is overly broad, unconstitutionally vague, and/or infringes on plaintiffs' right of free speech. The court holds that while Utah Code §76-10-1313(2) is unconstitutionally vague and void, the remaining portions of the statute, including Utah Code §76-10-1313(1)(c), pass constitutional scrutiny.

**I.      Utah Code §76-10-1313(2)**

Utah Code §76-10-1313(2) ("Subsection (2)") provides:

> An intent to engage in sexual activity for a fee may be inferred from a person's engaging in, offering or aggreeing to engage in, or requesting or directing another to engage in any of the acts described in Subsection (1)(c) under the totality of the existing circumstances.

The language "[a]n intent to engage in sexual activity for a fee may be inferred from ... the acts described in Subsection (1)(c)..." is circular, unnecessary, and mere surplusage. Additionally, the language "under the totality of the existing circumstances" makes Subsection (2) unconstitutionally vague.

An enactment is void for vagueness if:

> [I]ts prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic

>policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to "'steer far wider of the unlawful zone' ... than if the boundaries of the forbidden areas were clearly marked."

Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972) (citations omitted).

In Guinther, this court held a Utah enactment unconstitutionally vague with the following explanation:

>The law is clear that persons who must conform their conduct to particular requirements are entitled to fair notice of what is permitted and what is proscribed. Village of Hoffman Estates v. Flipside Hoffman Estates, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); Grayned v. City of Rockford, supra; United States v. Salazar, 720 F.2d 1482, 1484-85 (10th Cir. 1983). If a law does not provide standards against which a person's conduct may be measured it is unconstitutionally vague and "incapable of any valid application," Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). The enactment at issue provides no standards against which a person's conduct may be measured and is susceptible to mischievous subjective application. Thus, it is unconstitutionally vague.

679 F.Supp at 1071.

In the case at bar, the language "under the totality of the existing circumstances" renders the statute open to personal interpretation by a police officer, which will inevitably result in "arbitrary and discriminatory enforcement." Grayned, 408 U.S. at 108-109. Furthermore, the language leaves the standard for measurable conduct "susceptible to mischievous subjective application." Guinther, 679 F.Supp at 1071. Accordingly, Subsection (2) is void for unconstitutional vagueness and should be severed and stricken from the statute.

Having held Subsection (2) void for unconstitutional vagueness, the court turns its attention to remainder of the statute, particularly Utah Code §76-10-1313(1)(c).

**II.     Utah Code §76-10-1313(1)(c)**

Plaintiffs do not challenge Utah Code §76-10-1313(1)(a) or (b). The court therefore focuses on Utah Code §76-10-1313(1)(c) ("Subsection (1)(c)"), which provides:

> A person is guilty of sexual solicitation when the person . . . with intent to engage in sexual activity for a fee or pay another person to commit any sexual activity for a fee engages in, offers or agrees to engage in, or requests or directs another to engage in any of the following acts: (i) exposure of a person's genitals, the buttocks, the anus, the pubic area, or the female breast below the top of the areola; (ii) masturbation; (iii) touching of a person's genitals, the buttocks, the anus, the pubic area or the female breast; or (iv) any act of lewdness.

The court finds that Subsection (1)(c) is not unconstitutionally vague, overly broad, or an infringement on free speech.

   A.  Unconstitutional Vagueness

As set forth above, an enactment is void for vagueness if its "prohibitions are [not] clearly defined." Grayned, 408 U.S. at 108-09. Here, the primary requirement of Subsection (1)(c) is that there must be evidence of intent to engage in sexual activity for a fee plus one of the overt acts listed in (i) through (iv). The crime is clearly defined as intent plus a specifically identified act. The subsection not only clearly outlines the behavior and requisite intent to create culpability under the statute such that a person of ordinary intelligence would be on notice of what conduct is prohibited, but it also provides a clear legal standard for those who will enforce the statute. Id. Accordingly, Subsection (1)(c) is not unconstitutionally vague.

   B.  Overbreadth Doctrine

Under First Amendment overbreadth doctrine, "a statute is facially invalid if it prohibits a substantial amount of protected speech." U.S. v. Williams, 553 U.S. 285, 292 (2008).

"Particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Doger's Bar Grill, Inc. v. Johnson County Bd. Of County Com'rs, 32 F.3d 1436, 1442 (10th Cir. 1994) (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)).

The first step in an overbreadth analysis is to determine whether the statute reaches "a substantial amount of constitutionally protected conduct." Hoffman Estates v. Flipside, 455 U.S. 489, 494 (1982). If the statute does not infringe upon a substantial amount of protected conduct, then the overbreadth challenge fails. Doger's Bar Grill, Inc., 32 F.3d at 1436. "The mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." Williams, 553 U.S. at 303 (quoting Members of City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 800 (1984)).

Here, Plaintiffs argue that masturbation is protected conduct because, as they suggest, masturbation has not and is not considered a "sexual activity" under Utah Code Ann. § 76-10-1301. The court disagrees. Section 1301 includes "acts of masturbation" in the definition of "sexual activity." Utah Code Ann. § 76-10-1301. As a result, masturbation for a fee is not a protected activity and, therefore, Subsection (1)(c) does not infringe on a substantial amount of protected speech. Accordingly, Subsection (1)(c) is not overbroad.

C. First Amendment Protection of Expression

A statute not directed primarily at abridging expression protected by the First Amendment, but which nevertheless may affect such expression, is subject to intermediate scrutiny. The seminal authority for this scrutiny is United States. v. O'Brien, 391 U.S. 367

(1968). That case dealt with the illegal destruction of a draft card. The Supreme Court determined the following:

> [A] government regulation is sufficiently justified if (1) it is within the constitutional power of the government; (2) if it furthers an important or substantial governmental interest; (3) if the governmental interest is unrelated to the suppression of free expression; and (4) if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

Id. at 377.

Here, the first prong of the O'Brien test is satisfied because the prohibition of prostitution is within the police power of the State of Utah. Mini Spas, Inc. v. South Salt Lake City Corp., 810 F.2d 939, 941 (10th Cir. 1987). The second prong of the test is satisfied because a State has a legitimate interest in forbidding sexual acts committed in public or for hire. Arcara v. Cloud Books, Inc., 478 U.S. 697, 711 (1986). The third prong of O'Brien is satisfied because the State's interest in prohibiting sexual solicitation is unrelated to any suppression of free expression. Under the statute, individuals who express themselves by engaging in the conduct outlined in Subsection (1)(c)(i-iv) merely as entertainers are free to do so because they lack the requisite "intent to engage in sexual activity with another person for a fee . . . ."

The fourth prong of O'Brien is satisfied because the statute does not place any restrictions on First Amendment freedoms. However, even if there is some 'incidental' restriction on First Amendment freedoms, it is "no greater than is essential to the furtherance" of preventing the prostitution industry from circumventing the law. Chief Burbank testified before the Utah Legislature that this amendment was necessary to prevent circumvention of Utah's prostitution laws. (SAC ¶5.) As mentioned above, in order to detect an undercover officer before soliciting

sex, prostitutes may ask potential customers to engage in some of the conduct listed in Subsection (1)(c)(i-iv) knowing that an undercover officer is not allowed to do so. (Shurtleff Opp'n at 9.) Thus, criminalizing the conduct in Subsection (1)(c) when it is done with the intent to engage in sexual activity for a fee is essential to the furtherance of preventing prostitution. Therefore, the "incidental limitation" on plaintiffs First Amendment freedoms, if there is any, is "no greater than is essential to the furtherance" of the State's interest in prohibiting prostitution.

Accordingly, Subsection (1)(c) satisfies all four prongs of the O'Brien test and does not infringe on expression protected by the First Amendment.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the cross-motions for summary judgment. This court holds that while Utah Code §76-10-1313(2) is unconstitutionally vague, the remainder of the statute passes constitutional scrutiny. Therefore, the court hereby ORDERS that Utah Code §76-10-1313(2) be severed and stricken from Utah Code §76-10-1313.

DATED this 18th day of April, 2012

_____
Dee Benson
United States District Judge